UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

HEULETTE C. FONTENOT, JR.

CRIMINAL ACTION

NO. 10-65-JJB

**RULING**

This matter is before the Court on numerous pretrial motions filed by both the United States and the defendant. Defendant is charged with Making False Statements to a Financial Institution and Making False Statements within the Jurisdiction of the FDIC. This matter is scheduled for trial on October 25, 2010.

Defendant has filed a Rule 23 Waiver of Jury Trial notice with this court (doc. 26). In its responsive memorandum, the United States correctly draws this court's attention to Rule 23 of the Federal Rules of Criminal Procedure, which requires a jury trial unless both the defendant and the government consent. In this case, the United States does not consent to a bench trial. Therefore, pursuant to Rule 23, this case will be tried before a jury.

The United States has filed a Motion in Limine (doc. 17) to bar mention or evidence of selective prosecution. Defendant has filed no opposition to this motion. The United States correctly asserts that charges of selective prosecution are matters for the court and should not be mentioned in the presence of a jury. *See United States v. Regan*, 103 F.3d 1072, 1082 (2nd Cir. 1997). Accordingly, the United States' motion (doc. 17) in limine to bar mention or evidence of selective

1

prosecution is HEREBY GRANTED.  This Court orders the parties to make all of their witnesses aware of this Order.

The United States has also filed a Motion in Limine (doc. 18) to bar mention or evidence of loss.  The defendant has filed an opposition (doc. 25).  In its motion, the United States notes that the issue of whether any bank suffered a loss is not an element of either of the offenses with which defendant is charged.  Additionally, the United States cites precedent in the 5th Circuit and elsewhere which stands for the proposition that evidence of loss is not a defense to the charges against defendant and is not relevant.  In opposition, the defendant concedes, "the element of loss is not a requisite proof requirement."  This court finds that the issue of whether the bank suffered a loss is neither an element of nor a defense to the charged offenses and is not relevant.  *See United States v. Waldrip*, 981 F.3d 799, 806 (5th Cir. 1993).  The United States' motion (doc. 18) in limine to bar mention or evidence of loss is HEREBY GRANTED.  This Court orders the parties to make all of their witnesses aware of this Order.

Defendant has filed a Motion to Dismiss for Duplicity (doc. 30).  The United States filed an opposition (doc. 49).  Defendant argues that counts 1 and 2 of the original indictment should be dismissed because both counts allege the same act, failing to disclose a debt on a Uniform Residential Loan Application filled out on October 20, 2001.  In opposition, the United States correctly asserts that because the Superseding Indictment (doc. 44) contains only one charge related to the 2001

mortgage loan, the motion to dismiss is moot. Defendant's Motion to Dismiss for Duplicity (doc. 30) is HEREBY DENIED as moot.

Also before the court is defendant's Motion to Dismiss Count 3 (doc. 35). The United States has filed an opposition (doc. 51). Defendant argues that Count 3 (now Count 2 of the Superseding Indictment) should be dismissed for the following reasons: the loan which the defendant is charged with failing to disclose was an illegal campaign contribution, not a legally enforceable debt; the loan was inadequately described in the indictment; the loan was forgiven prior to the 2004 mortgage application; alternatively, the loan was a donation rather than a loan; defendant was not aware the mortgage loan application would be presented to a bank. In opposition, the United States contends that there is no legal basis for defendant's argument that the loan is unenforceable, the loan was adequately described in the Superseding Indictment, and the remainder of defendant's arguments raise factual issues which should be presented to a jury and are not properly resolved on a motion to dismiss.

The United States is correct that issues regarding whether the loan was a donation, whether payment was forgiven, and defendant's knowledge or intent to influence a bank, all represent factual issues that are not properly disposed of on a motion to dismiss; rather these issues should go to the jury. *See United States v. Linetsky*, 533 F.2d 192, 199 (5th Cir. 1976). Moreover, this court finds that the loan is adequately described in the indictment. Finally, defendant has not provided adequate legal support for his argument that the loan is not legally enforceable for

3

purposes of the charged offenses. Accordingly, defendant's motion to dismiss (doc. 35) is HEREBY DENIED.

Defendant has also filed a Motion for Bill of Particulars (doc. 34). The United States has filed an opposition (doc. 50). In its motion, defendant seeks certain information, such as the identities of Businessman 1 and 2, as described in the indictment. In its opposition, the United States asserts that it has given defendant extensive discovery and also argues that it need not disclose in a bill of particulars the details of evidence by which it intends to prove its case. *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). This court agrees that an indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures there is no risk of future prosecutions for the same offense. *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006). When an indictment is sufficient to advise defendant of the nature of the charge, a bill of particulars is generally not necessary. *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). Because the indictment in this case is sufficient, defendant's motion (doc. 34) for bill of particulars is HEREBY DENIED.

Also before the court is a Motion for Brady Material (doc. 27) filed by defendant. The United States has filed an opposition (doc. 47). In its opposition, the United States avers, "[s]ince the filing of the motion, the United States has provided defendant with additional discovery materials which constitute Brady information. The United States is not required to answer further." The government does, however, have a continuing duty to provide any Brady material that it

4

discovers or that comes into its possession. Defendant's motion (doc. 27) is HEREBY DENIED as moot.

Finally, defendant has filed a Motion to Strike Portions of the Indictment for Surplusage (doc. 28). The United States has filed an opposition (doc. 48). Defendant seeks to strike from the indictment: that defendant was a Senator, that the loan at issue was in cash, that the cash was hidden in the attic, and that the bags containing the cash were burned. In opposition, the United States asserts that all these statements are relevant to the charged offenses. According to the Fifth Circuit, "[f]or language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993). Knowledge of falsity is an element of both crimes with which defendant is charged. Moreover, an intent to deceive is a necessary element of Count 1 of the Superseding Indictment. The allegations that the purported loans were made in cash, that the cash was hidden in the attic, and that defendant burned the bags containing the cash, all indicate an intent to conceal the transaction. Moreover, as the United States correctly asserts, defendant's status as a Senator is relevant to his motivation for concealing and allegedly deceiving the financial institutions by not disclosing the purported loan. Accordingly, defendant's motion to strike (doc. 28) is HEREBY DENIED.

Signed in Baton Rouge, Louisiana, on October 14, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**