UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 10-65-JJB

HEULETTE C. FONTENOT, JR.

## RULING

This matter came before the Court on defendant's motion to dismiss counts one and two of the indictment.  The United States filed an opposition (doc. 95).  Defendant was charged with Making False Statements to a Financial Institution and Making False Statements within the Jurisdiction of the FDIC.  In a ruling from the bench on October 26, 2010, the Court granted defendant's motion and dismissed the charges against the defendant.  The following written reasons are provided to supplement the ruling from the bench on October 26, 2010.

For the reasons set forth below, the Court grants the motion and dismisses the indictment.  In the motion to dismiss, defendant correctly argues that both counts of the indictment require proof of a false statement.  The false statement alleged in the indictment is that defendant filled out residential loan applications in 2001 and 2004 and failed to list an outstanding $100,000 loan, which would constitute a debt, on both applications.  The indictment also alleges the $100,000 loan was made for an illegal purpose, in violation of Louisiana Campaign Finance Laws.  According to the defendant, that makes the loan an absolute nullity, which under applicable state law, is legally deemed never to have existed.  Because

1

the loan never existed, defendant had no debt to report and therefore did not make a false statement by failing to list the loan on both the 2001 and 2004 residential loan applications.

## Legal Standard for Motion to Dismiss

"In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999).  According to Fifth Circuit precedent, "the propriety of granting a motion to dismiss an indictment under F.R.Crim.Pro. Rule 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974).  During initial oral arguments on this motion, held October 25, 2010, both the United States and the defendant agreed that this motion involves issues of law properly resolved on a pretrial motion to dismiss.

## Analysis

The superseding indictment in this case charges defendant with violations of 18 U.S.C. §1001 and §1014 for making false statements by failing to list an outstanding $100,000 loan on 2001 and 2004 residential loan applications, respectively.   To properly state an offense under 18 U.S.C. § 1001, the Government must allege the following: (1) a statement; (2) falsity; (3) materiality;

(4) specific intent; and (5) agency jurisdiction. *United States v. Lange*, 528 F.2d 1280, 1287 (5th Cir. 1976).

To properly state an offense under 18 U.S.C. § 1014, the Government must allege the following: (1) the defendant knowingly and willfully made a false statement to the bank, (2) the defendant knew that the statement was false when he made it, (3) the defendant made the false statement for the purpose of influencing the bank to extend credit, and (4) the bank to which the false statement was made was federally insured. *United States v. Sandlin*, 589 F.3d 749, 753 (5th Cir. 2009).

Both offenses charged in the indictment require that the defendant made a false statement. The false statement alleged in the indictment regarding count one (§1001) is that on or about October 20, 2001, in the Middle District of Louisiana, defendant signed a residential loan application "certifying that all his debts were listed thereon, when, as defendant well knew, the $100,000 cash loan was not listed." The alleged false statement regarding count two (§1014) is that from on or about July 23, 2004 to on or about August 13, 2004, in the Middle District of Louisiana, defendant signed two residential loan applications "certifying that all his debts were listed thereon, when, as defendant well knew, the $100,000 cash loan was not listed."

The entire basis for both charges, then, is that defendant made a false statement by failing to list the $100,000 cash loan. Earlier in the indictment, when the $100,000 cash loan is described, the indictment charges,

3

on or about July 7, 1999 **FONTENOT** solicited a $100,000 cash loan from Businessmen #1 and #2 in connection with **FONTENOT**'s campaign for the Senate. **FONTENOT** asked for the money to be in cash and assured the businessmen that he would take other steps to conceal the cash loan since it would be a violation of Louisiana's campaign finance law.

Defendant argues that, based on the face of the indictment, there was no loan in existence when defendant filled out the 2001 and 2004 residential loan applications because the purported undisclosed loan had an illegal cause, violation of Louisiana's campaign finance laws. Defendant correctly asserts that, under Louisiana law, an obligation with an illegal cause is an absolute nullity and is deemed never to have existed. Thus, when defendant filled out the residential loan applications, there was no loan in existence which defendant failed to disclose. Therefore, defendant made no false statement even under the allegations of the indictment. If defendant is correct in these assertions, then both counts of the indictment must be dismissed because both counts require the making of a false statement by defendant.

A review of the relevant provisions of the Louisiana Civil Code is instructive. According to Louisiana Civil Code article 1966, "[a]n obligation cannot exist without a lawful cause." Further, as provided by article 1968, "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." According to article 2030, "[a] contract is absolutely null when it violates a rule of public order, as

when the object of a contract is illicit or immoral. . . . Absolute nullity may be invoked by any person or may be declared by the court on its own initiative." Article 7 similarly states "[p]ersons may not by their juridical acts derogate from laws enacted for the protection of the public interest.  Any act in derogation of such laws is an absolute nullity."  Finally, article 2033 provides that an absolutely null contract "is deemed never to have existed."

In support of the motion to dismiss, defendant heavily relies on *Green v. Capital Ins. Co.*, 623 So.2d 136 (La. App. 1st Cir. 1993).  In that case, a conservator of an insurance company sought to enforce a promissory note allegedly held by a company over which conservator had authority.  The trial court granted summary judgment in favor of conservator.  The first circuit reversed, holding that material defenses such as illegality of the obligation precluded summary judgment.  Specifically, the illegality asserted was that the note was unenforceable because "the cause of the transaction, to circumvent Louisiana campaign finance law, was *contra bones mores*, and therefore the obligation [was] an absolute nullity."

As the United States correctly asserts, though, the appellate court in *Green* does not declare the note an absolute nullity; rather the court finds that there are genuine issues of material fact regarding the asserted defenses, thus warranting a trial on the merits.  The defendant primarily relies on the arguments of the concurrence in *Green*, written by the author of the main opinion as well.  The concurrence cites the aforementioned Code articles and states explicitly, "[t]he

5

public policy of the State of Louisiana, as articulated in the Campaign Finance Disclosure Act, is to prevent the covert financing of political campaigns." According to the concurrence, if the purpose of the underlying transaction was to circumvent the state campaign finance laws, then the promissory note was and is an absolute nullity.

This court is persuaded by *Green* and the Civil Code articles.  The face of the indictment alleges that the undisclosed loan, which forms the basis for the false statement charges, was an absolute nullity because its cause was illegal. The loan is deemed never to have existed; there was no false statement because there was no outstanding loan to report.

Additionally, this court is persuaded by *United States v. Hixon*, 987 F.2d 1261 (6th Cir. 1993).  In that case, the defendant was charged with making a false statement on a claim submitted for disability compensation by answering that he was not self employed, when he was employed by a corporation of which he was the owner.  Defendant argued that under state and federal law, he was not self employed because he was an officer/employee of a corporation.  The Sixth Circuit held, based in part on its application of Georgia law, that defendant could not be convicted for making false statements under §1001.  Because defendant's statements were not false based on Georgia law, defendant did not make a false statement for purposes of §1001.  Likewise, in *United States v. Vesaas*, 586 F.2d 101 (8th Cir. 1978), the defendant had been convicted for falsely reporting that he had no knowledge of property owned by his deceased

6

mother and himself in joint tenancy.   The Eighth Circuit held that defendant's denial of such ownership could not constitute a false statement since it was "legally impossible to be a joint tenant with a decedent."   *Id.* at 103.

I have also found the case of *Bach Inv. Co. v. Philip*, 722 So.2d 1222 (La. App. 5th Cir. 1998) to be persuasive.   In that matter, the parties entered into a contract to buy and to sell the winnings of a state lottery.   Louisiana state law prohibits and makes unlawful the assignment of a lottery prize without a court order permitting such.   The parties attempted to circumvent this law and the appellate court found the contract to be an absolute nullity because it was prohibited by law and had no "lawful cause."

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss counts one and two of the indictment is GRANTED.   The charges against defendant are DISMISSED.

Signed in Baton Rouge, Louisiana, on October 28, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**